IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02431-BNB

BENAD ABIODUN,

    Plaintiff,

v.

DOUGLAS MAURER,
MARIO R. ORTIZ,
TONY ROCCO,
JANET GIBSON,
ROBERT LINDLEY, and
ALEJANDRO ALMEIDA,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 14 2007

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff Benad Abiodun is being detained at the Immigration and Customs Enforcement Processing Center in Aurora, Colorado. Mr. Abiodun has filed *pro se* a Prisoner Complaint pursuant to **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971), alleging that his rights under the United States Constitution have been violated. He seeks damages as relief.

The Court must construe the complaint liberally because Mr. Abiodun is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal

theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be the *pro se* litigant's advocate. *See id.*

Mr. Abiodun is being detained pending his removal from the United States. He is a native and citizen of Nigeria and he alleges that he became a legal permanent resident of the United States in 1996. Mr. Abiodun further alleges that on January 7, 2001, he filed an application for naturalization seeking to become a citizen of the United States. Mr. Abiodun asserts that in 2002 immigration officials commenced removal proceedings against him based upon his 2002 conviction in the Jefferson County District Court. On October 4, 2004, Mr. Abiodun's application for naturalization was denied as a result of the state court criminal conviction. Mr. Abiodun contends that in May 2005 an immigration judge entered a final order of removal in his immigration case.

Mr. Abiodun previously has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his state court criminal conviction. *See Abiodun v. Maurer*, No. 05-cv-02305-WDM-PAC (D. Colo. Mar. 30, 2007), *appeal filed*, No. 07-1184 (10th Cir. Apr. 20, 2007). He also has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging, in part, the final order of removal. *See Abiodun v. Maurer*, No. 05-cv-00352-WDM-PAC (D. Colo. Mar. 3, 2006). That application was transferred to the United States Court of Appeals for the Tenth Circuit. Mr. Abiodun then filed a second application for a writ of habeas corpus pursuant to § 2241. *See Abiodun v. Gonzales*, No. 07-cv-00278-MEH-PAC (D. Colo. July 23, 2007), *appeal filed*, No. 07-1266 (10th Cir. June 27, 2007). In

07-cv-00278-MEH-PAC, Mr. Abiodun's claims challenging the denial of his application for naturalization were dismissed based on res judicata and his claim challenging his allegedly indefinite detention was dismissed because his removal was imminent.

Mr. Abiodun asserts four claims for relief in the instant action. Three of the claims are due process claims. In the three due process claims, Mr. Abiodun contends that immigration officials violated his rights during the course of the naturalization proceedings, during the course of the removal proceedings, and in connection with his continued detention. The three due process claims are asserted against Defendants Douglas Maurer, Mario R. Ortiz, Tony Rocco, and Janet Gibson. Mr. Abiodun alleges in his fourth claim that his First Amendment rights were violated when Defendants Robert Lindley and Alejandro Almeida retaliated against him for filing administrative claims and lawsuits.

Mr. Abiodun's due process claims must be dismissed because he is seeking damages as relief and the due process claims challenge the validity of the denial of his application for naturalization, the validity of his final order of removal, and the validity of his continued detention. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. The rule in *Heck* applies to claims asserted pursuant to *Bivens*. *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per

curiam). Furthermore, the rule in *Heck* is not limited solely to claims challenging the validity of criminal convictions and also applies to claims seeking to invalidate the results of administrative proceedings. *See Edwards v. Balisok*, 520 U.S. 641 (1997) (applying *Heck* to prison inmate's claims challenging procedures used to deprive him of good time credits); *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam) (stating that *Heck* applies to proceedings related to parole and probation).

It is apparent that Mr. Abiodun has not invalidated the order denying his application for naturalization, the final order of removal, or his continued detention. Therefore, the Court finds that the due process claims for damages asserted in this action must be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

The Court will not address at this time the merits of Mr. Abiodun's First Amendment claim against Defendants Lindley and Almeida. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that the due process claims asserted against Defendants Douglas Maurer, Mario R. Ortiz, Tony Rocco, and Janet Gibson are dismissed without prejudice. It is

FURTHER ORDERED that Defendants Douglas Maurer, Mario R. Ortiz, Tony Rocco, and Janet Gibson are dismissed as parties to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 13 day of Dec., 2007.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02431-BNB

Benad Abiodun
Prisoner No. K0087
Aurora/ I.C.E. Processing Center
11901 E. 30th Ave.
Aurora, CO 80010-1525

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 12/14/07

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk