IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-02431-WDM-CBS

BENAD ABIODUN,

    Plaintiff,

v.

DOUGLAS MAURER, et al.,

    Defendants.

## ORDER ON MOTION TO ALTER OR AMEND

Miller, J.

This matter is before me on Plaintiff's Motion to Alter or Amend (doc no 5), seeking review of the *sua sponte* dismissal of several of Plaintiff's claims by United States District Court Judge Zita L. Weinshienk. On November 20, 2007, Plaintiff filed a *pro se* civil rights complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). On December 14, 2007, Judge Weinshienk reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and determined that three of his four asserted claims were barred by *Heck v. Humphrey,* 512 U.S. 477 (1994) because judgment would necessarily imply the invalidity of Plaintiff's state court criminal conviction and the final order of removal entered by immigration authorities. Plaintiff asserts that this is incorrect, that his claims do not challenge the validity of immigration orders, that his state criminal conviction was already invalidated by Colorado state appellate courts, and that all he seeks is a naturalization eligibility review.

The full history of Plaintiff's legal journey has been recited in the orders disposing of his numerous previous filings in this Court and on appeal. *See, e.g., Abiodun v. Gonzales*, 217 Fed. Appx. 738 (10th Cir. Jan. 26, 2007). In short, Plaintiff is a citizen of Nigeria who applied to become a naturalized United States citizen. After his interview but before his petition was adjudicated, he was arrested and convicted of two counts of cocaine possession and distribution of cocaine. On appeal, the two possession counts were dismissed but the two distribution counts remained. *People v. Abiodun*, 111 P.3d 462 (Colo. 2005). Plaintiff's petition for naturalization was denied and he was put into removal proceedings. The final order of removal was upheld by the Tenth Circuit in *Abiodun v. Gonzales*, 461 F.3d 1210 (10th Cir. 2006). As noted in Judge Weinshienk's order, Plaintiff has filed in this Court several applications and amended applications for writs of habeas corpus.

Plaintiff's complaint in this case contained four claims: (1) due process violations by delaying the adjudication of the naturalization petition, by denying the petition, and denying the appeal; (2) due process violations by issuing an immigration detainer order; (3) violations of Plaintiff's First Amendment rights by retaliating against him for exercising his legal rights; and (4) due process violations by keeping Plaintiff in indefinite detention and failing to deport him within six months, pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). Judge Weinshienk determined that Plaintiff's first, second, and fourth claims should be dismissed without prejudice under *Heck* but that his First Amendment claim could go forward.

I have reviewed the pleadings and orders entered in this case as well as the

previous litigation and agree that Plaintiff's first, second, and fourth claims were properly dismissed. In addition to the reasons given by Judge Weinshienk, I conclude that Plaintiff's first and second claim are also barred by *res judicata* and lack of jurisdiction. Plaintiff has previously asserted these claims in his habeas applications, including an application that I dismissed for lack of jurisdiction (Case No. 05-cv-00352-WDM-PAC), and the dismissals have been upheld on appeal. *See Abiodun v. Maurer*, 217 Fed. Appx. 738 (10th Cir. Jan. 26, 2007) (finding that Plaintiff's failure to appeal dismissal of his challenges to the delay and denial of his naturalization petition barred review on appeal and holding that arguments relating to his removal had previously been rejected); *Abiodun v. Gonzales*, Case No. 07-cv-00278-MEH-PAC, 2007 WL 1795867 (D. Colo., June 21, 2007) (concluding that Plaintiff's claims regarding denial and delay of the naturalization petition were barred by *res judicata*).

Plaintiff's fourth claim was previously raised in Case No. 07-cv-00278-MEH-PAC and survived a motion to dismiss; however, based on the representations of immigration authorities that Plaintiff was to be deported soon, the case was dismissed in its entirety See July 23, 2007 Order of Magistrate Judge Michael E. Hegarty (doc no 61, Case No. 07-cv-00278-MEH-PAC). Apparently Plaintiff was not deported, however, as he filed this case a few months later. Case No. 07-cv-00278-MEH-PAC was appealed to the Tenth Circuit and a decision has not yet issued; I cannot determine from the docket whether Plaintiff's claim of unlawful detention is included in the appeal. Nonetheless, I agree that the fourth claim should be dismissed without prejudice. The previous order of dismissal did not resolve Plaintiff's claim on the merits, but rather was essentially a determination that the

3

issue was moot. If Plaintiff is still in detention, the issue clearly is not moot but is properly resolved in Case No. 07-cv-00278, which is a habeas proceeding. *See Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.") (citing *Zadvydas*, 533 U.S. at 699).

Accordingly, it is ordered:

1. Plaintiff's Motion to Alter or Amend (doc no 5) is denied.

DATED at Denver, Colorado, on January 29, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge