IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-02431-WDM-CBS

BENAD ABIODUN,

    Plaintiff,

v.

ROBERT LINDLEY, et al.,

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on the recommendation of Magistrate Judge Craig B. Shaffer (doc no 41), filed June 2, 2008, that Plaintiff's Motion for Preliminary Injunction (doc no 15) be denied and that Respondents' Motion to Dismiss (doc no 31) be denied. Magistrate Judge Shaffer also recommends that the insufficient service of process be quashed and Plaintiff be afforded a reasonable period of time to file proof of service on Defendants.

Plaintiff did not file an objection to the recommendation and the docket reflects that recent mailings to Plaintiff have been returned to the Court as undeliverable (doc nos 42 & 43). It would appear that Plaintiff has failed to provide the Court with his current mailing information. "[T]he District of Colorado Local Rules place the burden on the parties to formally direct the attention of the court to any change of address. . . . The fact that [Plaintiff] is acting pro se does not eliminate this burden." *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999). Plaintiff therefore is not entitled to *de novo* review.

28 U.S.C. § 636(b). For the reasons that follow, I will accept the recommendation as modified.

On November 20, 2007, Plaintiff filed a *pro se* civil rights complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). The full history of Plaintiff's legal journey has been recited in the orders disposing of his numerous previous filings in this Court and on appeal. *See, e.g., Abiodun v. Gonzales*, 217 Fed. Appx. 738 (10th Cir. Jan. 26, 2007). In short, Plaintiff is a citizen of Nigeria who applied to become a naturalized United States citizen. After his interview but before his petition was adjudicated, he was arrested and convicted of two counts of cocaine possession and distribution of cocaine. On appeal, the two possession counts were dismissed but the two distribution counts remained. *People v. Abiodun*, 111 P.3d 462 (Colo. 2005). Plaintiff's petition for naturalization was denied and he was put into removal proceedings. The final order of removal was upheld by the Tenth Circuit in *Abiodun v. Gonzales*, 461 F.3d 1210 (10th Cir. 2006). Plaintiff has filed several applications and amended applications for writs of habeas corpus in this Court.

Plaintiff filed a motion for preliminary injunction, which Magistrate Judge Shaffer recommends be denied because Plaintiff has not demonstrated a substantial likelihood of success on the merits of the case, has not shown he will suffer irreparable harm, and because the threatened injury does not outweigh the possible damage to the opposing party and the injunction is not in the public interest. I agree with Magistrate Judge Shaffer's analysis and will accept this portion of the recommendation.

Defendants filed a motion to dismiss based on insufficient service of process. Magistrate Judge Shaffer concluded that service was indeed ineffective and that more than

2

120 days have elapsed since the filing of the complaint. Magistrate Judge Shaffer nonetheless recommends that Plaintiff be given additional time to effect service because the deficiencies in service were not the fault of Plaintiff and can be cured. However, given Plaintiff's lack of response to the recommendation and his failure to keep this Court apprised of his whereabouts, such an act would be futile if Plaintiff has abandoned this litigation or has been deported and is unable to prosecute the case.

Without proof of service, the court lacks personal jurisdiction over the Defendant. *See Oklahoma Radio Associates v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served.") (citations omitted). For failure to timely serve the Defendant, this civil action may properly be dismissed without prejudice. This action may also be dismissed without prejudice pursuant to D.C. COLO. LCivR 41.1 for failure to prosecute.

I request that counsel for the Defendants file a status notice within 10 days of the issuance of this order advising whether Plaintiff is still in the custody of ICE or has been deported. As to Plaintiff, if he has not contacted the Court regarding his current mailing information or otherwise indicating that he has not abandoned the litigation on or before July 31, 2008, I will dismiss this case without prejudice.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Craig B. Shaffer (doc no 41), filed June 2, 2008, is accepted as modified.
2. Plaintiff's Motion for Preliminary Injunction (doc no 15) is denied.
3. Respondents' Motion to Dismiss (doc no 31) is denied.

4. Counsel for the Defendants shall file a status notice within 10 days of the issuance of this order advising whether Plaintiff is still in the custody of ICE or has been deported.

5. Plaintiff shall notify the Court of his current mailing address and intent to continue this litigation on or before July 31, 2008 or this matter will be dismissed without prejudice and without further notice.

DATED at Denver, Colorado, on June 25, 2008.

                                  BY THE COURT:

                                  s/ Walker D. Miller
                                  United States District Judge