IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-02431-WDM-CBS

BENAD ABIODUN,

    Plaintiff,

v.

ROBERT LINDLEY, et al.,

    Defendants.

## ORDER OF DISMISSAL

Miller, J.

This matter is before me following my June 25, 2008 order (doc no 44) accepting the recommendation of Magistrate Judge Craig B. Shaffer (doc no 41). Magistrate Judge Shaffer recommended that Plaintiff's Motion for Preliminary Injunction (doc no 15) be denied and that Respondents' Motion to Dismiss (doc no 31) be denied. Magistrate Judge Shaffer also recommended that the insufficient service of process be quashed and Plaintiff be afforded a reasonable period of time to file proof of service on Defendants. I accepted the recommendation but concluded that giving Plaintiff an opportunity to cure the deficient service of process might be futile because Plaintiff appears to have abandoned this litigation. As I noted, Plaintiff did not file an objection to the recommendation and recent mailings have been returned to the Court as undeliverable. Accordingly, I ordered Defendants to file a status notice informing the Court of whether Plaintiff was still in the custody of Immigration and Customs Enforcement ("ICE") or had been deported. I also ordered Plaintiff to "notify the Court of his current mailing address and intent to continue

this litigation on or before July 31, 2008." The order and other documents sent to Plaintiff at his last known address were also returned as undeliverable (doc nos. 45, 50, 51).

Defendants notified the Court on July 10, 2008 (doc no 47) that Plaintiff was deported to Nigeria on June 3, 2008. Plaintiff has not responded to my order. Accordingly, I conclude that this case should be dismissed without prejudice pursuant to D.C. COLO. LCivR 41.1 for failure to prosecute.

However, in circumstances where dismissal without prejudice may nonetheless mean Plaintiff cannot refile the case because of the statute of limitations, I should consider the factors set forth in Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992). These factors include: (1) the degree of actual prejudice to the defendant from the plaintiff's conduct; (2) the amount of interference with the judicial process; (3) the culpability of the plaintiff; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction; and (5) the efficacy of lesser sanctions. In this case, Plaintiff has ceased participation in the litigation and has not provided the court with an address at which he may be reached. Defendants and the Court are unable to proceed on the merits of the remaining claim in Plaintiff's absence. Plaintiff has also filed numerous lawsuits in this and other courts in efforts to stop the deportation, an issue that is now moot given that he has been deported and appears unlikely to reenter. My June 25, 2008 order warned Plaintiff of the possibility of dismissal as a sanction for his conduct. Finally, since Plaintiff is not receiving any of the court's mailings, a lesser sanction would apparently not have any

effect on his conduct. I conclude all factors weigh in favor of dismissal.

Accordingly, it is ordered that this case is dismissed without prejudice pursuant to D.C. COLO. LCivR 41.1 for failure to prosecute.

DATED at Denver, Colorado, on August 4, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge